Case 4:16-cv-02514   Document 4   Filed in TXSD on 01/24/17   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent § | |
| § | |
| VS. § | CRIMINAL ACTION NO. H-13-138-1 |
| § | CIVIL ACTION NO. H-16-2514 |
| § | |
| YINTANG CAO, § | |
| § | |
| Defendant-Movant. § | |

### MEMORANDUM AND OPINION

In this § 2255 motion, Yintang Cao challenges the April 2014 judgment of conviction and sentence in *United States v. Yintang Cao*, Case No. H-13-cr-138, in the Houston Division of the United States District Court for the Southern District of Texas. (Docket Entry No. 53). Cao did not appeal from that judgment. It became final in April 2014, when the time for filing a notice of appeal expired. *See* FED. R. APP. P. 4(b)(1)(A). Cao filed his § 2255 Motion in August 2016, in Civil Action No. H-16-2514. (Docket Entry No. 53). He alleges that he received ineffective assistance because his attorney failed to inform him of the immigration consequences of pleading guilty. The government filed a motion to dismiss. (Docket Entry No. 56).

The record shows that Cao filed his § 2255 motion too late for the court to consider it on the merits. For the reasons explained in more detail below, the government's motion to dismiss is granted, the § 2255 motion is denied, and Civil Action No. 16-2514 is dismissed.

**I.   Background**

On March 15, 2013, Cao was charged with one count of trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320. (Docket Entry No. 1). At the rearraignment hearing, Cao was placed

P:\CASES\prisoner-habeas\2013\13-0138.a04.wpd

under oath. In an extensive colloquy, the court expressly addressed the immigration consequences of his guilty plea, as follows:

> THE *COURT:* You understand that because you're not [a] United States citizen[] and you're pleading guilty to felonies, when you have finished serving whatever sentence is imposed, you may well be deported, you may be unable to return to this country, you may be unable to be considered for naturalization as a citizen of this country? Do you understand that those are additional consequences of pleading guilty?
>
> *DEFENDANT CAO:* (In English) Yes.
>
> (Docket Entry No. 51, pp. 11-12).

Cao pleaded guilty under a written plea agreement on April 24, 2013. (Docket Entry No. 20).

On April 8, 2014, the court sentenced Cao to serve an 18-month prison term followed by two years of supervised release, and to pay $207,742.52 in restitution. (Docket Entry No. 39). Final judgment was entered on April 11, 2014. (Docket Entry No. 41). Cao did not appeal. (Docket Entry No. 53). On August 10, 2016, Cao signed this § 2255 motion, which the district clerk filed on August 15, 2016.

## II. The § 2255 Motion

Cao's § 2255 motion is reviewed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which sets a one-year deadline for filing federal habeas petitions. The period runs from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The record shows no facts that trigger any subsection other than § 2255(f)(1). The judgment became final on April 25, 2014, when the time for filing a notice of appeal expired. *See* FED. R. APP. P. 4(b)(1)(A). Under 28 U.S.C. § 2255(f)(1), Cao had until April 25, 2015 to move under § 2255 to vacate his sentence. He filed his § 2255 motion on August 15, 2016, nearly 16 months after the deadline expired.

While AEDPA's filing provision is not jurisdictional and can be equitably tolled, that extension occurs only "in rare and exceptional" circumstances. *See Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999). "[E]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action *or is prevented in some extraordinary way from asserting his rights.*" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Equitable tolling is not available if a petitioner does not act diligently in attempting to meet the one-year deadline. *Coleman v. Johnson*, 184 F.3d at 402. The petitioner has the burden of proving a right to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Cao missed the § 2255 filing deadline by over a year. He not only filed too late, he was so late as to show a lack of diligence. No ground for equitable tolling is present, and his motion cannot proceed.

### III. Certificate of Appealability

A certificate of appealability is required before Cao may appeal. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (§ 2254 and § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). He must show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 Motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336.

A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the record, the court concludes that jurists of reason would conclude without debate that Cao has not stated a valid claim for relief under § 2255. A certificate of appealability will not issue.

### IV. Conclusion

Cao is not entitled to relief under 28 U.S.C. § 2255. His pending § 2255 motion is denied, (Docket Entry No. 53 in 4:13-cr-138-1), and the government's motion to dismiss, (Docket Entry No.

56 in 4:13-cr-138-1), is granted. No certificate of appealability will issue. The § 2255 motion is denied and this civil action, No. 4:16-cv-2514, is dismissed.

SIGNED on January 24, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge